# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50274 | **DATE** | 10/8/2010 |
| **CASE TITLE** | U.S.A. vs. Matthew W. Whited | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion as to all claims and dismisses this cause in its entirety.

*Philip G. Reinhard* (signature)

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Matthew Whited, a federal prisoner, filed a motion pursuant to U.S.C. § 2255, challenging his conviction and sentence on one count of knowingly transporting and shipping in interstate commerce images of child pornography (18 U.S.C. § 2252A(a)(1)), one count of knowingly receiving or attempting to receive an image of child of child pornography (18 U.S.C. § 2252A(a)(2)(A)), and one count of knowingly possessing material that contained images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce (18 U.S.C. § 2252A(a)(5)(B)). The government filed a response, and Whited has replied.[1]

The bulk of Whited's claims are based on the ineffective assistance of trial and appellate counsel, while some claims are based on alleged errors by the court related to his guilty plea and sentence.[2] In addressing the various claims, the court will group the related claims together as suggested by the government.

In order to establish ineffective assistance of counsel, a petitioner must establish that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered resulting prejudice. Gentry v. Sevier, 596 F. 3d 838, 851 (7th Cir. 2010). Regarding performance, a petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Gentry, 597 F. 3d at 851. In order to establish sufficient prejudice resulting from counsel's unprofessional errors, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Gentry, 597 F. 3d at 851.

The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were waived. Lee v. Davis, 328 F. 3d 896, 900 (7th Cir. 2003). If the issue that was not raised is both obvious and clearly stronger than the issues that were raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. Lee, 328 F. 3d at 900-01. Prejudice is established if the issue not raised may have resulted in a reversal of the conviction or an order for a new trial. Lee, 328 F. 3d at 901. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised. Lee, 328 F. 3d at 901.

In his direct appeal in this case, Whited raised three issues: (1) whether the search of his home violated the Fourth Amendment; (2) whether the court erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based on his distribution of child pornography in reasonable expectation of receiving sex in return; and (3) whether the

| STATEMENT - OPINION |
|---|

trial court failed to properly consider the relevant factors under § 3553(a), resulting in an unreasonable sentence. United States v. Whited, 539 F. 3d 693, 697 (7th Cir. 2008). The Court of Appeals held that all three of these issues were without merit and affirmed Whited's conviction and sentence.

Here, Whited's first claim is that his trial counsel was ineffective for failing to explain the nature and elements of the charges prior to his pleading guilty. This claim fails as, even if trial counsel did not explain the charges, the court explained each charge to Whited during the Rule 11 proceeding and Whited responded that he understood each of the charges against him. Voluntary responses made by a defendant under oath before the examining judge are binding, and a guilty plea after a Rule 11 colloquy enjoys a presumption of verity. United States v. White, 597 F. 3d 863, 868 (7th Cir. 2010). Because Whited has not overcome the presumption of verity regarding his acknowledged understanding of the charges against him, he cannot demonstrate the required prejudice and his claim of ineffective assistance of trial counsel therefore fails.

The next claim is that trial counsel was ineffective in failing to review discovery materials with Whited prior to his pleading guilty. Even if true, such failure was neither deficient nor prejudicial as it is not necessary for a defendant to have reviewed the evidence against him before he can enter a valid guilty plea. See United States v. Bryant, 557 F. 3d 489, 496 (7th Cir. 2009). Additionally, Whited has not identified what about the evidence, had he reviewed it, would have caused him to forgo pleading guilty. This claim is denied as lacking any merit.

The next group of claims is that trial counsel was ineffective for failing to discuss the mandatory minimum sentence for the charged offenses, that trial counsel was ineffective for not objecting to the court's failure to explain the mandatory minimums, and that appellate counsel was ineffective for failing to raise the issue that trial counsel failed to advise Whited of the mandatory minimums. These claims all fail for the simple reason that the court expressly explained the mandatory minimum sentences to Whited during the Rule 11 proceeding ,and Whited acknowledged his understanding.

The next combination of claims is that trial counsel was ineffective for failing to object to the court participating in plea negotiations and that appellate counsel was ineffective for not raising the issue on direct appeal of the trial court's participation.

Rule 11 categorically prohibits the court from participating in plea negotiations between the government and the defendant. United States v. Burnside, 588 F. 3d 511, 520 (7th Cir. 2009). But not all judicial observations expressed with respect to plea agreements violate the rule. Burnside, 588 F. 3d at 520. For example, once the parties themselves have negotiated and presented a plea agreement for the court's approval, it is entirely proper for the court to take an active role in evaluating the agreement. Burnside, 588 F. 3d at 520. Having said that, it is impossible for the court to have participated in plea negotiations that never happened. Burnside, 588 F. 3d at 520.

In this case, there was no plea agreement, written or otherwise. Thus, the court could not have participated in any negotiations related to the plea. Additionally, to the extent Whited contends that the court caused him to enter a guilty plea by raising the possibility of an Alford plea with his attorney, there is no evidence that the court coerced him in that regard. See Burnside, 588 F. 3d at 522. The court merely suggested that he consider such a plea as an option. The record reflects that the court expressly explained to Whited that it was "not trying to get [him] to plead guilty in any way" to which Whited responded that it was his desire to plead guilty. Further, the court allowed Whited ample time to discuss the ramifications of pleading guilty with his attorney. Accordingly, the claims of ineffective assistance of trial and appellate counsel fail as no underlying error occurred upon which they could have raised a viable claim.

Whited next asserts that trial counsel was ineffective for failing to object to the multiplicity of counts 3 and 4 and that trial and appellate counsel were ineffective for not raising the issue that the sentence violated the Double Jeopardy Clause.

These claims are based on a misunderstanding of the record. Count 3 was based on Whited's receipt of a single video that was delivered to the home (Exh. 43), whereas Count 4 was supported by various child pornography images, files, and videos seized during the subsequent and separate search of the home and computer (Exhs. 1-42).[3] Contrary to Whited's assertion, the record reflects that when the court asked the government for the factual basis for the guilty plea, the government identified exhibit 43 as supporting Count 3 and which was specifically charged in Count 3 and referred to exhibits 1-42 as examples of the evidence that would support the other charges.[4] There is no indication in the record of any overlap in the conduct that supported Counts 3 and 4. Therefore, there was no multiplicity double jeopardy violation, and the ineffective assistance of counsel claims in that regard are meritless.

The next claim of ineffectiveness is that trial counsel failed to object to the court's refusal to reduce his

| STATEMENT - OPINION |
|---|

sentence for acceptance of responsibility, that trial counsel failed to offer evidence of his acceptance of responsibility, and that appellate counsel never raised an issue on direct appeal regarding the denial of a reduction for acceptance of responsibility. This claim is meritless and disingenuous as the record clearly reflects that trial counsel did object and that Whited expressly acknowledged that trial counsel did so. Further, Whited does not point to any evidence that would have supported any acceptance of responsibility reduction, and the court is not aware of any. It likewise would have been futile for appellate counsel to have raised such a claim. This claim is baseless and denied.

Whited next maintains that trial counsel was ineffective for failing to object to the court treating § 3553(b)(2) as mandatory regarding the denial of a downward departure and that appellate counsel was ineffective when he failed to raise the same issue on direct appeal. Similar to some of Whited's other claims, it misapprehends the record. After discussing the possibility of whether § 3553(b)(2) survived Booker, the court did not decide that issue and ruled instead based on an application of the § 3553(a) factors. The court relied on the § 3553(a) factors in deciding not to sentence Whited below the advisory guidelines range. Accordingly, because the court did not consider § 3553(b)(2) as mandatory, trial and appellate counsel were not ineffective in this regard.

Whited's final ineffective assistance claim is that appellate counsel failed to raise a Sixth Amendment violation based on his not being given an opportunity to cross-examine the psychologist who assessed him for sentencing purposes. Whited has failed to identify any prejudice as he has not pointed to what particular benefit would have resulted from such a cross examination or in what specific way the witness's credibility would have been assailed. Further, the court gave little weight to report in concluding what sentence was appropriate in this case, particularly in light of the significant independent evidence supporting the sentence that was ultimately given. Therefore, Whited has not shown the necessary prejudice to support his claim.[5]

Whited's remaining claims based on trial court error: it coerced him to enter an Alford plea, it denied him the right to cross-examine the psychologist, it sentenced him in violation of the Double Jeopardy Clause, it treated § 3553(b)(2) as mandatory, and it denied him the reduction for acceptance of responsibility, are all denied for the reasons already set forth in the context of the various ineffective assistance of counsel claims.

For the foregoing reasons, the court denies the § 2255 motion as to all claims, strikes the supplement to the § 2255 motion, denies an evidentiary hearing as there are no factual issues that need resolution in this case, and dismisses this cause in its entirety.

1. Subsequent to filing his reply, Whited filed a "supplement" to his § 2255 motion. Whited never sought leave to file the supplement however, which was filed well after the briefing was complete in this case. Therefore, the court strikes the supplement. In doing so, the court notes that it has considered the additional arguments raised in the supplement and finds that none of them support the relief sought in this case.

2. While Whited had a direct appeal, see United States v. Whited, 539 F. 3d 693 (7th Cir. 2008), the claims of error by the court are not waived as he has asserted that his appellate counsel was ineffective for failing to raise them on direct appeal.

3. The distinction between Count 3 and 4 is further demonstrated by the fact that the singular "image" is used in Count 3 whereas Count 4 refers to "images," "files," and "videos."

4. The government relied on "examples" because there were approximately 1,100 images seized during the search of the home and computer.

5. In assessing the overall performance of both trial counsel and appellate counsel, the court finds that each of their representations did not fall below the Constitutional standard in this case.